D. Bruce Oliver #5120
Attorney for Plaintiff
180 South 300 West, Suite 210
Salt Lake City, Utah 84101-1490
Telephone: (801) 328-8888
Fax: (801) 595-0300

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KENNETH SWEENEY, | CIVIL RIGHTS COMPLAINT |
| Plaintiff, | (And Jury Demand) |
| vs. | |
| RICHARD MICHAEL GARDEN, M.D., an individual; KENNON CHRISTOPHER TUBBS, M.D. an individual; and JOHN DOES 1-10, individuals, | Judge Paul G. Cassell<br>DECK TYPE: Civil<br>DATE STAMP: 03/02/2005 @ 14:48:38<br>CASE NUMBER: 2:05CV00182 PGC |
| Defendants. | |

Plaintiff, by and through counsel, D. Bruce Oliver, comes now and for his cause of action against the above-named defendants, complains and alleges as follows:

**JURISDICTION.**

1. All of the relevant conduct of the parties occurred in the State of Utah, or were initiated within the State of Utah, or were finalized within the State of Utah, and were acted under color of State law, ordinance, regulation, rule, custom, and or usage.

2. **Civil Rights -- Cruel & Usual Punishment.** This action is brought

pursuant to 42 U.S.C. § 1983 against any person who, under color of state law, deprives the plaintiff of his or her "rights, privileges, or immunities secured by the Constitution and laws of the United States."

3. Equitable and other relief is sought pursuant to 42 U.S.C. § 1988, including for the award of punitive damages. Relevant to this proceeding is the Eighth and Fourteenth Amendments to the U.S. Constitution, the Utah Enabling Act of 1894, and the absolutes and traditions stemming from the Natural Law and Common Law principles reserved to a free people.

4. **Supplemental Jurisdiction/Civil Rights.** This action includes equitable and other relief sought under the Judicial Improvements Act, 28 U.S.C. § 1367 regarding State claims, including at the common law and other torts. Moreover, these State claims are tolled pending disposition of Federal claims.

### PARTIES.

5. Kenneth Sweeney, (hereinafter, the "Plaintiff"), is an individual citizen of the United States and resided in Summit County, State of Utah at the time of the incident described herein below.

6. Based upon information and belief, Plaintiff states the defendant individual, Richard Michael Garden, M.D. (hereinafter, the "Defendant Garden" or "Dr. Garden" individually or "Defendants" collectively) is a citizen and resident of the United States, and was at the time relevant to the events complained of herein an individual citizen of

2

the United States and resides in Salt Lake County, State of Utah.

7. Defendant Garden is employed for the Utah State Prison as a physician-surgeon, duly licensed under the color of State Law.

8. Based upon information and belief, Plaintiff states the defendant individual, Kennon Christopher Tubbs (hereinafter, the "Defendant Tubbs" or "Dr. Tubbs" individually or "Defendants" collectively) is a citizen and resident of the United States, and was at the time relevant to the events complained of herein an individual citizen of the United States and resides in Salt Lake County, State of Utah.

9. Defendant Tubbs is employed for the Utah State Prison as a physician-surgeon, duly licensed under the color of State Law.

10. Based upon information and belief, Plaintiff states the defendant individuals John Does 1 through 10 (hereinafter, the "Defendant Does" or "Defendants") whose names are unknown to the Plaintiff at this time, but are believed to be citizens and residents of the United States at the time relevant to the events complained of herein. Defendant Does knew of Defendants Garden and Tubbs' conduct described herein, and either facilitated it, condoned it, approved it, or turned a blind eye for fear of what he or she might see.

11. The Defendants engaged in conduct deliberately indifferent to the medical needs of the Plaintiff while Plaintiff was housed at the Utah State Prison from the period of January 2003 to October 2004.

12. Prior to the filing of this action, Plaintiff exhausted the administrative remedies that were available to him within the Utah State Prison as provided by the Department of Corrections.

## NATURE OF CASE.

13. Plaintiff complains that he has Hepatis C and has been, and is being denied medical treatment for his chronic liver disease.

14. Plaintiff claims that when he was admitted to the Utah State Prison, in 1994, he informed the medical department. He was positive for Hepatitis and was never tested or told that there was treatment available. Therefore, plaintiff has gone 10 years without treatment.

15. In or about March, 2003, blood tests were performed on plaintiff and it was determined that he had Hepatitis C. In or about April, 2003, Plaintiff requested from Defendant Garden's office that he be allowed treatment for the Hepatitis C. Defendant informed the Plaintiff that if the SGOT and SGPT levels were still high on his next 6 month blood test he would start treatment. Plaintiff's blood was not drawn for retesting until October 10, 2003, seven months after the initial testing.

16. Plaintiff claims that the testing and treatment have been deliberately delayed by the Defendants until Plaintiff had less than 12 months to parole so they would not have to provide him treatment.

17. Thereafter, Plaintiff used the grievance process in an effort to compel the

treatment to no avail. The Inmate Grievance Coordinator(s) refused to enforce treatment claiming Plaintiff did not meet the Prison's criteria for treatment.

18. Thereafter, in or about November 3, 2003, Plaintiff became ill and was examined by a physician assistant (Abbott), who referred him to a physician, Dr. Tubbs.

19. Plaintiff was not seen by Dr. Tubbs until November 6, 2003. At that time, Dr. Tubbs determined that Plaintiff suffered from pneumonia.

20. Later, however, still ill-stricken on or about November 11, 2003, Plaintiff was ambulanced to the University of Utah Medical Center, where it was determined that Plaintiff had rare lung disease and claimed that the Prison Defendants failed to properly diagnose his condition. During Plaintiff's stay he was admitted two weeks, including four days of ICU.

21. The Plaintiff suffers long term damage to his liver and lungs as a result of the treatment not received while in Prison Defendants care.

## CAUSES OF ACTION.

### – Civil Rights – Under Color of State Law / 42 U.S.C. § 1983 –

22. Paragraphs 1 through 21 are incorporated herein by this reference.

23. Plaintiff alleges that the Defendants Drs. Garden and Tubbs have violated Plaintiff's Constitutional and statutory rights, privileges and immunities, under color of State law, and that the foregoing allegations form the bases of the following charges:

    **(A). Count I: Cruel & Unusual Punishment–Cost Of Treatment– Deliberately Disregarded Medical Care.**

24. The Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment has been violated by Defendants Garden and Tubbs actions in that they denied him necessary medical treatment for his Hepatitis C disease during his 20 month prison term.

25. The privileges regarding the Eighth Amendment were clearly established law in Utah at the time these defendants misused their power in depriving Plaintiff of his necessary medical treatment because of an alleged twelve month criteria.

26. The Defendants' actions have been with malice and a knowing and reckless indifference to the Plaintiff, and his legal rights, privileges, or immunities.

### (B). Count II: Cruel & Unusual Punishment–Retaliation– Deliberately Disregarded Medical Care.

27. The Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment has been violated by Defendants Garden and Tubbs actions in that they denied him necessary medical treatment, including proper diagnosis for his lung condition during his 20 month prison term.

28. The privileges regarding the Eighth Amendment were clearly established law in Utah at the time these defendants misused their power in depriving Plaintiff of his necessary medical treatment and proper diagnosis due to acquired animus and in retaliation for his grievances concerning his Hepatitis C condition.

29. The Defendants' actions have been with malice and a knowing and reckless indifference to the Plaintiff, and his legal rights, privileges, or immunities.

### INJURY.

30. As a direct and proximate result of the Defendants Garden and Tubbs's actions,

the Plaintiff has suffered severely for which he should be compensated. The Plaintiff suffered both economic and noneconomic damages.

31.     As a direct and proximate result of these Defendants' actions, the Plaintiff has suffered severe emotional distress resulting in damages therefrom.

32.     Plaintiff is entitled to other equitable damages, and other future pecuniary losses pursuant to 42 U.S.C. § 1981a and other pendant state and federal provisions.

33.     Plaintiff is entitled to punitive and exemplary damages pursuant to 42 U.S.C. § 1988 and other pendant state and federal provisions.

34.     Plaintiff is entitled to an award of all reasonable attorney's fees and costs, including expert witnesses pursuant to 28 U.S.C. § 2412 and other pendant state and federal provisions.

## PRAYER FOR RELIEF.

WHEREFORE, Plaintiff demands a trial by jury and ask for judgment as against each of the Defendants jointly and severly, for the above-named violations, as follows:

1.     For an award of compensatory damages, both special and general damages suffered, which will be shown at the time of trial;

2.     For an award of damages for Plaintiff's emotional distress resulting from the Defendants' actions;

3.     For an award of equitable damages to Plaintiff, and for other future pecuniary losses pursuant to 42 U.S.C. § 1981a and other state and federal provisions;

4.     For an award of punitive and exemplary damages to Plaintiff pursuant to 42 U.S.C. § 1988 and other pendant state and federal provisions;

5. For an award for all reasonable attorney's fees and costs, including expert witnesses pursuant to 28 U.S.C. § 2412 and other pendant state and federal provisions.

6. For such other and further relief as the court deems just and proper in the premises.

Dated this __8th__ day of December, 2004.

D. BRUCE OLIVER
Attorney for Plaintiff

**PLAINTIFF'S ADDRESS**:
P.O. Box 680584
Park City, Utah 84068